IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MONTGOMERY CARL AKERS,**

       **Plaintiff,**

v.                                                              CIVIL ACTION NO.: 3:22-CV-109
                                                                                                     (GROH)

**JAMIE CONOVER, GUY PAGLI,
JODI WAMBLER, KATHERINE
N. SIEREVELD, KATHY S. HILL,
N. SIMPKINS, APRYL CRUIT,
HENRY RIVAS, MILTON NEUMANN,
and GARY BURGESS,**

       **Defendants.**

## ORDER DISMISSING CASE WITHOUT PREJUDICE

On June 21, 2022, the instant matter was removed from the Circuit Court of Berkeley County, West Virginia, pursuant to 28 U.S.C. §§ 1442(a)(1), 2679(d)(2).  ECF No. 1.  Attached to the notice of removal are the following documents from Berkeley County Circuit Court case number CC-02-2022-C-160: (1) the civil case information statement [ECF No. 1-1 at 1 – 2]; (2) the single-spaced typewritten complaint for damages [Id. at 3 – 5]; (3) the docket sheet [ECF No. 1-2]; (4) unexecuted summonses, notices of filing, and additional copies of the complaint for defendants Wambler, Conover, Siereveld, Simpkins, and Hill [ECF No. 1-3]; (5) a certificate of scope of employment for defendants Conover, Pagli, Wambler, Siereveld, Hill, Simpkins, Cruit, Rivas, Neumann, and Burgess [ECF No. 1-4]; and (6) the civil cover sheet for the instant case [ECF No. 1-5].

On June 23, 2022, the Clerk issued a notice of deficient pleading which directed the Plaintiff that he needed to refile his action on the Court-approved form, a copy of

which was enclosed with the notice.  ECF Nos. 3, 3-1.  The notice advised Plaintiff that he needed to correct the deficiency within 21 days, or the Court would dismiss the case for failure to prosecute.  ECF No. 3.  According to the United States Postal Service website, the notice, certified mail receipt 7020 1810 0001 5320 6884, service was accepted for the notice on June 30, 2022.[1]

On July 11, 2022, Plaintiff filed a motion for an extension of time to comply with the notice of deficient pleading.  ECF No. 7.  On that same date, Plaintiff filed two other motions: (1) a combined motion to show cause and for a temporary restraining order or temporary injunction; and (2) ECF Nos. 5, 6.  On July 18, 2022, Plaintiff filed a motion to strike the notice of deficient pleading arguing that "until the Court rules that the defendants [were] acting [in] their scope of employment this case will not be converted to a Federal Tort Claims Act case. . . . and the plaintiff [ ] need not comply with the order of deficient pleading."  ECF No. 8 at 2.  The Court granted Plaintiff's motion for an extension of time to comply with the notice of deficient pleading by order entered July 27, 2022.  ECF No. 9.  The order granting an extension of time directed Plaintiff "to file his complaint on the Court-approved form **not later than August 15, 2022.**"  Id. (emphasis in original).

Thereafter, on August 9, 2022, Plaintiff filed another motion for preliminary injunction and return of property.  ECF No. 10.  More than 21 days have elapsed since the Court-imposed August 15, 2022, extended deadline for Plaintiff to correct his deficiency.  However, to date, Plaintiff has not filed the Court-approved form for a Federal Tort Claims Act complaint, or otherwise attempted to respond to the notice of deficient pleading.

---

[1] https://tools.usps.com/go/TrackConfirmAction_input

As to Plaintiff's motions [ECF Nos. 5 & 10] for injunctive relief[2], he fails to make a showing that he meets the standard for granting injunctive relief articulated by the United States Supreme Court in Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Fourth Circuit reviews "a district court's decision to grant a preliminary injunction under an abuse-of-discretion standard." International Refugee Assistance Project v. Trump, 883 F.3d 233, 255–56 (4th Cir. 2018), as amended (Feb. 28, 2018). The United States Supreme Court also held that

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

Winter, 555 U.S. at 20. As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

Int'l Refugee, 883 F.3d at 256 (citing WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009) (citing Winter, 555 U.S. at 7)). This

---

[2] Plaintiff's motions for injunctive relief are not entirely clear as to the relief sought. Plaintiff's first motion for injunctive relief, "moves for an order to show cause upon the CTU/CMU unit and the warden of the United States Penitentiary, Marion, Illinois, as to why Plaintiff [ ] is being denied postage to communicate with this court as well as legal copies necessary to maintain this case. . . and for a preliminary injunction as to the defendants . . . block the contacts of Plaintiff." ECF No. 5 at 15. The Court notes that the CTU/CMU unit and warden are not defendants to this action. Further, it appears to the Court that through his pursuit of this action that Plaintiff has demonstrated that the named defendants have not prevented him from contacting the Courts. Plaintiff's second motion for relief seeks "a preliminary injunction and return of his property". ECF No. 10 at 6. However, although Plaintiff alleges he has been prevented from pursuing his claims in Court, he does not explain what specific conduct by the Defendants that he wishes to enjoin. Id.

standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo.  See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d. 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

First, Plaintiff has failed to establish that he is likely to succeed on the merits. Rather, his complaint and motions for injunctive relief all argue that he has been unconstitutionally denied access to the Courts by the acts of Defendants over a period of 12 years.  ECF Nos. 1-1 at 3; 5 at 5, 12; 10 at 4.  Plaintiff claims that the "confiscation" of his legal documents and lack of access to his money has resulted in an inability to pay for copies and postage, thereby denying him access to the Courts.  Despite that claim, Plaintiff concedes that he has initiated litigation in the following jurisdictions: California, Colorado, Illinois, Kansas, Montana, Nevada, New Hampshire, New Mexico, New York, and Maine.  ECF No. 5 at 12.

Second, Plaintiff has failed to demonstrate that he is likely to suffer irreparable harm in the absence of preliminary relief.  Instead, the complaint and motions for injunctive relief state that Plaintiff has been subject to the complained of conditions for twelve years.  Further, Plaintiff asserts that his denial of postage constitutes a denial of access to the Courts, even though in a period of less than three months, he has filed five separate motions in this Court.  ECF Nos. 5, 6, 7, 8 & 10.

Third, Plaintiff has failed to show that the balance of equities tips in his favor,

arguing without specificity that "[t]he balance of equities tips in favor of Plaintiff" and "the balance of equities tip in his favor on all accounts." ECF Nos. 5 at 14; 10 at 6.

Finally, Plaintiff fails to demonstrate that an injunction is in the public interest. Plaintiff argues that the public has an interest in knowing that a person similarly situated "can be subjected to unconstitutional conditions of confinement at the whim of a malicious and vile government employee." ECF No. 5 at 14. In support of that argument, Plaintiff claims he was improperly designated by BOP employees as a terrorist, which dictated his custodial classification. Id. However, a federal prisoner has no statutory or constitutional right to a specific custodial security classification. Moody v. Daggett, 429 U.S. 78, 88, n.9 (1978). An inmate's classification is administrative and prison officials can change an inmate's security classification "for almost any reason or no reason at all."[3] Brown v. Ratledge, No. 7-16-CV-00303, 2017 WL 4404248, at *7 (W.D. Va. Sept. 29, 2017, aff'd, 709 F. Appx. 215 (4th Cir. 2018) (per curiam) (unpublished) (citations omitted).

Accordingly, the Plaintiff's motions for injunctive relief are **DENIED**. ECF Nos. 5 & 10. Furthermore, it is hereby **ORDERED** that this action be **DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**.

Finally, the Plaintiff's motions [ECF Nos. 6 & 8] for production of evidence and to

---

[3] The district court more fully explained that:

> A prison inmate does not have a protectable liberty or property interest in his custodial classification" and does not have a constitutional right to be housed in a particular facility. See Wolters v. Fed. Bureau of Prisons, 352 Fed. App'x 926, 928 (5th Cir. 2009) (citing Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995)). Classification of inmates is an administrative function, and prison officials can change an inmate's classification for almost any reason or no reason at all. See Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989); Wolters, 352 Fed. App'x at 928; Mendoza v. Lynaugh, 989 F.2d 191, 194 n.4 (5th Cir. 1993). Therefore, the court concludes that Brown's allegations do not state a due process violation.

Brown v. Ratledge, 2017 WL 4404248, at *7.

strike the notice of deficient pleading are hereby **TERMINATED as MOOT**.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to counsel of record by electronic means.

**DATED**: September 19, 2022

GINA M. GROH
UNITED STATES DISTRICT JUDGE